IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03225-BNB

THOMAS STOCKS, and
MICHELLE STOCKS,

    Plaintiffs,

v.

HON. ELIZABETH VOLZ,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiffs, Thomas and Michelle Stocks, reside in Aurora, Colorado. Acting *pro se*, Plaintiffs initiated this action by filing a Prisoner Complaint pursuant to 18 U.S.C. § 1983 and Article III § 2. The Court must construe the Complaint liberally because Plaintiffs are *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Complaint will be dismissed for the reasons stated below.

    Plaintiffs' claims involve pending state criminal case no. 11CR1062. Plaintiffs assert they have been charged with possession of marijuana and have undergone several hearings before Defendant Elizabeth Volz, starting September 14, 2012, and continuing to November 8, 2013. Plaintiffs contend their due process and equal protection rights, as well as their right to effective counsel, have been violated during these hearings. Specifically, Plaintiffs assert that (1) the trial judge denied their motion

to recuse without stating reasons, discovery requests, and their right to counsel; (2) there is bad faith in the prosecution of the case; and (3) there is no valid statute to support their prosecution because possession of marijuana is legal in the State of Colorado.  Plaintiffs seek (1) declaratory relief finding their civil rights have been violated; (2) an injunction enjoining Defendants from violating their civil rights and pursuing the state criminal case against them; and (3) money damages.  Plaintiffs assert that this is their second complaint challenging the state court proceedings in case no. 11CR1062.  Compl. at 2.  Plaintiffs' previous case was dismissed for lack of jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *See Stocks v. Volz, et al.*, No. 13-cv-01619-LTB (D. Colo.  Aug. 6, 2103).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger*, 401 U.S. 37; *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case.  *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met because Plaintiffs' charges remain pending against them in their state court criminal case. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Nothing in Plaintiffs' Complaint demonstrates that the state criminal proceeding is an inadequate forum for review of Plaintiffs' claims. The state court proceeding offers Plaintiffs a forum to raise their constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues. *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

With respect to the third condition, the State has an important interest in the administration of its judicial system but even a greater interest in the enforcement of its criminal laws. *See Penzoil*, 481 U.S. at 12-13 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977).

The three exceptions to *Younger* abstention are (1) "bad faith or harassment," (2) prosecution under a statute that is "flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55. The exceptions to *Younger* provide a "very narrow gate for federal intervention." *Phelps v. Hamilton (Phelps I)*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks

omitted).

Plaintiffs "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' " *Phelps II*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*.  It is Plaintiffs' " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Plaintiffs claim that the criminal case was commenced in bad faith to harass them.  They claim the case is being prosecuted under a flagrantly invalid statute.  The allegations Plaintiffs assert in support of the bad faith claim, however, do no not state that the criminal case against them was commenced with no reasonable hope of success or that there was an improper motivation for the charges.  The allegations address the manner in which the criminal case is being conducted.  Nothing that Plaintiffs assert demonstrates harassment or abuse of prosecutorial discretion.  Only if the threat to Plaintiffs' federally protected rights cannot be eliminated by their defense to the criminal charges can this Court enjoin the pending proceedings. *See Younger*, 401 U.S. at 46.  Plaintiffs' claim that Colo. Rev. Stat. § 18-18-406 is invalid and a

4

prosecution based on this statute is done in bad faith is not a threat to their federal right that cannot be eliminated by their defense to the criminal charges.

The Court, therefore, finds that *Younger* abstention is appropriate in this action. Plaintiffs fail to allege facts that indicate they will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings. Plaintiffs' Complaint will be dismissed for lack of jurisdiction.

If Plaintiffs are convicted in state court and believe their federal constitutional rights were violated, they may pursue their claims in federal court by filing an action pursuant to 28 U.S.C. § 2254 after they exhaust state remedies.

Plaintiffs' Complaint also suffers from other deficiencies. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). It is clear Plaintiffs are suing a state court judge for actions taken in her judicial capacity. Plaintiffs, therefore, fail to demonstrate or allege that Judge Elizabeth Volz was acting in the clear absence of all jurisdiction, and the claims for damages against her are subject to dismissal. Nonetheless, the Court will dismiss the action against Judge Volz for lack of jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of    December   , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court